7317

HERNDON v. COLLETON COUNTY.

COUNTIES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.—THAT A BRIDGE was in bad condition one or two years before an accident, that the attention of the overseer had been called to it, that a county commissioner had inspected it about one month before, tend to show a defective bridge, resulting from neglect. That a wagon passed over the bridge with a load, the driver noticing no defect, but the horse fell through on the return, being driven in a walk, without a load, tend to show absence of contributory negligence.

Before HYDRICK, J., Colleton, March, 1908.    Affirmed.

Action by L. M. Herndon against Colleton County. From Circuit order, affirming judgment of Magistrate H. A. Cummings, defendant appeals.

*Messrs. Howell & Gruber,* for appellant, cite: *Where there is no evidence to support the verdict this Court may review findings below:* 57 S. C., 280; 52 S. C., 371; 65 S. C., 610; 53 S. C., 215; 61 S. C., 490. *Plaintiff must show a case within the statute:* 70 S. C., 457; 71 S. C., 170; 29 S. C., 140; 15 S. C., 451.

*Mr. J. S. Griffin,* contra, cites: *Findings below not reviewable here:* 46 S. C., 505; 50 S. C., 110; 25 S. C., 379; 35 S. C., 608; 62 S. C., 405; 63 S. C., 22; 70 S. C., 178, 214, 554; 73 S. C., 71; 78 S. C., 403; 79 S. C., 198.

October 16, 1909. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. This appeal is from a judgment of the Circuit Court, affirming the judgment of a magistrate's court, awarding plaintiff one hundred dollars' damages against defendant for injury to plaintiff's horse, alleged to have occurred on December 11, 1905, through a defect in a certain bridge on a public highway in Colleton county.

The contention of appellant is that there was no evidence to bring the case within section 1347, Code of Laws, as construed in *McFaile* v. *Barnwell,* 57 S. C., 312. 35 S. E., 562, which requires plaintiff to show that the defect causing the injury was occasioned by the neglect or mismanagement of the county, and that plaintiff has not in any way brought about such injury by his own act, or negligently contributed thereto.

There was some evidence tending to show that the bridge had been in bad condition for one or two years previous to the injury; that the attention of the overseer in charge had been twice called thereto, and that one of the county commissioners inspected the bridge about one month before the injury. This affords some evidence tending to show a defective bridge, as the result of the neglect or mismanagement of this county. The testimony further tends to show that the driver in charge of plaintiff's horse, attached to a wagon, carried a load over the bridge going to Branchville, but did not notice the defect, and on his return, with unloaded wagon, he reached the bridge about 8 p. m. (after dark), and was driving over in a walk, when the horse fell through a break or hole in the floor. This was

some evidence tending to show the absence of contributory negligence.

The sufficiency of the testimony was a question solely for the trial Court, and we find no error of law.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE HYDRICK *did not participate in the hearing of this case, because disqualified.*