### 8605

### LATIMER v. COUNTY OF ANDERSON.

1. HIGHWAYS.—Where there is evidence that one in charge of repairing a highway stretches a rope across the road some distance from the work which the driver of an automobile, looking ahead runs into without seeing, and a passenger is injured, nonsuit was properly refused.

2. IBID.—ISSUES—NEGLIGENCE.—Whether it is negligence to stretch a rope across a highway, without any other sign, to warn travelers that the highway is being repaired, is for the jury.

3. IBID.—CHARGE.—The portion of the charge here complained of as being on the facts is only an instruction that if county officers negligently placed a rope across a highway, the county would be liable.

4. IBID.—IBID.—NEGLIGENCE.—There was no request here to charge nor evidence to base, the doctrine of negligence of those engaged in a common enterprise, upon.

5. IBID.—IBID.—There was no request to instruct the jury that a passenger in an automobile could not recover for injuries caused by the machine being negligently driven into an obstruction on a highway.

6. IBID.—CITIES AND TOWNS.—In so far as the law affects this case the statute requiring cities and towns to keep the streets in repair are similar to those requiring county officers to keep the highways in repair.

Before SHIPP, J., Anderson, February, 1913.   Affirmed.

Action by Virginia Latimer against County of Anderson. Defendant appeals.

*Messrs. Breazeale & Pearman,* for appellant, cite: *The plaintiff should not recover for the negligence of another than the county:* 27 N. E. 522; 91 N. E. 306; 72 N. E. 77; 17 N. E. 538; 52 At. R. 844; 38 Vt. 439; 79 N. E. 876. *Recovery can only be had for injury caused by negligent repair or defect in the highway:* 20 S. C. 496; 27 S. C. 419; 34 S. C. 144; 45 S. C. 392; 38 S. C. 282; 17 N. E. 541; 80 N. E. 5. *County is only liable for authorized acts:* 39 S. E. 316; 28 Cyc. 586; 11 Cyc. 498. *Not liable for negligent acts of others:* 20 S. C. 496; 27 S. C. 449; 40 S. C. 591; 38 S. C. 282; 89 S. C. 511. *As to charge on the facts:* 53 S. C. 452; 31 S. C. 234; 67 S. C. 456; 51 S. C. 460; 47 S. C. 523; 91 S. C. 512; 90 S. C. 461; 93 S. C. 267. *Passenger's attitude toward driver should be considered:* 81 S. C. 113; 29 L. R. A. (N. S.) 179; 52 At. 543; 116 U. S. 371; 159 Fed. 18; 17 N. E. 202; 79 N. E. 878.

*Messrs. Bonham, Watkins & Allen,* contra, cite: *Stretching the rope across the highway was a defect or negligence in its repair:* 43 S. C. 401; 89 S. C. 520; 66 S. C. 448; 127 N. Y. 40; 36 Conn. 320; 18 Hun. 146; 106 Wis. 403; 85 Ia. 346. *Charge not on the facts:* 92 S. C. 188; 91 S. C. 178; 93 S. C. 375; 90 S. C. 422, 462; 88 S. C. 520, 386. *The negligence of the driver is not imputable to the passenger:* 8 L. R. A. (N. S.) 597; 51 Fed. R. 174; 35 Minn. 522; 66 S. C. 47.

July 11, 1913. The opinion of the Court was delivered by

MR. JUSTICE FRASER. This was an action for damages. The following statement appears in the case:

"The plaintiff, by her guardian *ad litem,* brings this action against the defendant for damages for personal injuries caused by the automobile, in which she was riding, running into a rope stretched across the highway, alleging negligence of the agents of the county in placing said rope across said highway at a dark place, in the woods and no light or sign,

nor notice of any sort was posted to show it was there; and it was stretched at such a height as not easily to be seen, said rope was being used in the repair of the highway, and was far removed from the place where the road hands were at work, that no person would look for a rope across the road at such place.

"That she was not negligent nor did she in any way contribute to the injuries received. The defendant admitted its corporate capacity and its duty to keep the roads in repair, and denied all the allegations of the complaint.

"On the trial of the case, before Judge Shipp, and a jury, at February term, 1913, the defendant, at the conclusion of plaintiff's testimony, moved for a nonsuit, which was overruled. The jury found for the plaintiff one thousand dollars damages. Motion for new trial was made and refused. Judgment was entered upon the verdict. The defendant gave notice in due time of intention to appeal to this Court, and now appeals from said judgment upon the case and exceptions following.

"(Defendant's attorneys admit that on trial of the case they did not contend that the negligence of the driver of the car was imputable to the plaintiff.)"

The exceptions are as follows:

Exception I. "That his Honor, the presiding Judge, erred in overruling the defendant's motion for nonsuit made on the grounds that the testimony of plaintiff failed to prove that the injuries complained of was through the negligent repair of the highway or that the rope across the road was being used in repair of the highway, or that said injuries were caused by the negligence of the defendant; and he should have, therefore, granted the said motion because the plaintiff had failed to prove the necessary facts to make the defendant liable under the provisions of section 1972, vol. I, of Civil Code."

In the recent case of *Stone* v. *Florence*, 94 S. C. 377, 78 S. E. R. 24, we have: "To keep a street in repair means to

keep it in such physical condition that it will be reasonably safe for all purposes. It is not enough that the surface should be safe. A street is not in repair when poles or wires or other structures are so placed in or over it as to be dangerous to those making a proper use of the street." See other cases there cited.

The complaint is made that his Honor said that the statute governing city and county is the same. So far as it applies to this case that is not error. There was evidence that the plaintiff was riding along the public road at the rate of twelve miles an hour, less than is permitted by the statute, and that the driver of the car was looking ahead of him at the road and did not see the rope until he struck it. There was evidence that the rope was put there by one, Cochran, who was in charge of the work for the county on that road. There was evidence that the driver was looking and did not see.

Now, as to whether it was negligence to tie a rope across the road without any sign, other than the rope, to indicate its presence, particularly where there is testimony to show that the place was dark, was a question for the jury, and his Honor committed no error in refusing the nonsuit.

This exception is overruled.

Exception II. "That his Honor erred in charging the jury as follows: 'Now, if you come to the conclusion that the county officers engaged in the repair of the public highway, placed the rope in question in this case across the public road, you ask yourselves the question, did they place it there in a way in which a person of ordinary prudence would have placed it there under the same circumstances? Did they place it at such a height that a person of ordinary prudence would have placed it? Did they place it in such a place as would be sufficient to warn people who were legitimately using the highway or would a person of ordinary prudence have placed something more than a rope

there?   You ask yourselves the question, was the rope itself
sufficient warning for the travelers who were legitimately
using the highway?   Or, would a person of ordinary pru-
dence have done something more than place the rope there?
Would they have placed a warning there to warn the people
or would they have hung a light there, or would they have
done anything?

" 'Did the county officers manage that rope in the way that
a person of ordinary prudence and care would be expected
to do under the same circumstances?   Now, that is the test
in this case.   Now, if the county did not do that, did not do
what a person of ordinary prudence would have done under
the circumstances, why, then, I charge you that would be
negligence.'

"The error being that said charge was on the facts and in
violation of section 26, article V, of the Constitution of the
State, in that it was a statement in interrogative form, of
the facts in issue in the case and contained a strong intima-
tion to the jury as to his opinion of the facts.   And, further,
that was a statement of what facts constituted negligence,
in that it was a statement that if the county did not do these
things which he had asked the jury to inquire if they had
done, then that would be negligence.   And there was further
error in said charge in that it assumed that the plaintiff was
legitimately using the highway, which the defendant had
denied."

This charge was not on the facts, as one sentence will
show : "Now, if you come to the conclusion that the county
officers engaged in the repair of the public highway placed
the rope in question in this case across the public road, you
ask yourselves the question, did they place it there in a way
in which a person of ordinary prudence would have placed
it there under the same circumstances."   That is not a
charge on the facts.   It simply says that it is negligence to
do anything negligently, that's all.   That is a proposition of
law and not a statement of fact.

This exception is overruled.

Exceptions III and IV. "That his Honor erred in charging the jury as follows: 'Now, I charge you that where a person is a passenger in a private vehicle or automobile, that the negligence of the driver of the automobile cannot be imputed to the passenger unless the passenger had some right to manage or control the driver, unless some relation of master and servant existed between them or some relation of principal and agent, unless the driver was the agent of the passenger, that there was relation of master and servant. That is, unless the passenger had employed the driver as his servant, as his agent. So, unless there is testimony in this case showing that Virginia Latimer had the right to control the operation of the machine and give directions about the operation and control of it, why, she cannot be held liable, and it would not affect her case if you should find that the driver was negligent.'

"The error being, that by said charge his Honor eliminated from the consideration of the jury the question whether the plaintiff, 'in any way brought about such injuries by her own act,' as the defendant contended she did by laughing, talking and entertaining the driver and attracting his attention from his business of driving the machine; and, further, that it did not contain the correct law as to imputed negligence by not including in said charge the exception of persons engaged in a common enterprise, as said exception was pertinent to the case and applicable to the facts as contended for by the defendant.

IV. "That his Honor erred in charging the jury as follows: 'If the county was not negligent, the county would not be responsible at all. Or if the county was negligent, and notwithstanding, that fact, the accident happened entirely by the negligence of the driver, the county would not be responsible. But if the county was negligent and the negligence of the county concurred and combined with the negligence of the driver, why, then, the county would be responsible. If

the county was negligent and the negligence of the county, in connection with the negligence of the driver, if the driver was negligent, combined as the proximate cause of the injury of Virginia, if she was injured, why, Virginia could recover.'

"The error being that it eliminated from the consideration of the jury the question of the negligence of the plaintiff in attracting the attention of the driver from looking out for obstacles; and further, that said proposition of law was not applicable under section 1972 of Civil Code, vol. I, and made the county liable for the injuries, whether or not, its negligence was the proximate cause thereof.   And, further, it eliminated the question as to whether the plaintiff knew and acquiesced in the violation of law in running the automobile at an unlawful rate of speed; further, because said proposition of law was not applicable to a case for damages under section 1972 of Civil Code, vol. I, when the injury was due in part to the negligence of the driver, not because the negligence of the driver is imputed to the passenger, but because the obstruction was not the sole cause of the injury."

These exceptions are overruled.

It does not appear from the case that there was a request to charge as to the question raised as to the responsibility for each other's conduct among those engaged in a common enterprise.   It cannot be raised here for the first time.

There is no evidence that Miss Virginia, the plaintiff, was talking to the driver or that she was talking at all, even though she admits that she was having a good time.   There was evidence that she was not talking to the driver, and there is no evidence that she was.   Surely, a person may have a good time and not talk, even though it is a lady.

It is true that there was a conflict of testimony as to what the driver was doing, but there was no evidence that Miss Virginia was talking to him or interfering with him in any way, or had any right to interfere with the management of the automobile.   Her mother was there and she was under

her control, and even if the automobile had been running too fast, it was not the province, nor was it even proper, for a young lady to direct the movements of her mother and older brother.

The doctrine which seems to be maintained by the appellant is that the plaintiff could not recover if the driver was negligent and his negligence contributed to the injury. That is the doctrine of contributory negligence, and contributory negligence is an affirmative defense, which must be pleaded. It was not pleaded here. The contention by the appellant that the injury must be the result solely of the negligence of the county can not be maintained with success, because, where there is an injury which arises from the defect in the highway, the county is liable, unless it appear (1) that the injury was brought about by the plaintiff's own act; or (2) that he negligently contributed thereto. See *Cooper* v. *Richland County,* 76 S. C. 206, 56 S. E. 958.

These exceptions are overruled.

Exception V. "That his Honor, after reading the statute as to the unlawful speed of automobiles, erred in adding the following: 'Now, that is the law about the driver. But take now, in connection with what I told you in regard to a passenger in an automobile is not imputable to a passenger in the automobile, unless the passenger had the right to control, unless the relation of master and servant existed between them, or the relation of principal and agent existed.' But should have charged instead of the above: 'That if the automobile in which the plaintiff was riding was running at an unlawful rate of speed it was conclusive of negligence, and the plaintiff could not recover, because it was at her own peril that she was riding in an automobile running at an unlawful speed. Especially if she acquiesced therein.' And, further, the charge intimated to the jury that a passenger in an automobile running at an unlawful rate of speed could not be negligent, and that any negligence in that particular could only be attributed to the driver of the machine."

There was no error in the Judge's charge. If the appellant desired to have the charge, as he says it ought to have been charged, then it was his duty to have so requested.

This exception is overruled.

Exception VI. "That his Honor erred in charging the jury that the negligence of the driver could not be imputed to a passenger as quoted in exceptions 3 and 5 above, when he should have charged instead: 'Passenger in an automobile can not recover for personal injuries caused from running into an obstruction across a highway if the negligence was due in part to the negligence of the driver, not because the negligence of the driver is imputed to the passenger, but because the obstruction was not the sole cause of the injury.' And, further, he should have charged that, 'A passenger in an automobile running at an unusual rate of speed on a public highway and acquiescing in said unlawfulness and consenting thereto can not claim to be absolutely free from contributory negligence or that she did not in any way bring about the injury by her own act.'"

What is said in regard to exception V applies here. If appellant desired to have the law charged, as he says it ought to have been charged, he ought to have so requested. This exception is overruled.

Exception VII. "That his Honor erred in charging the jury as follows: 'Or, as stated in a particular case—a case I refer to here—the case of *Irvine* v. *Town of Greenwood*. And what they say about the duty of a town or a city to keep its streets up would be equally true in regard to the duty of a county, to keep up public roads, because the statutes are very similar (reading to the jury from said decision): 'But we are unable to give to the duty of keeping the streets in repair the narrow meaning contended for by the respondent. To keep a street in repair means to keep it in such physical condition that it will be reasonably safe for street purposes. It is not enough that its surface shall be safe. A street is not in repair when

poles or wires or other structures are so placed in or over it as to be dangerous to those making a proper use of the street. * * *

"The error being that the case of *Irvine* v. *Greenwood* was against a city and this is a case against a county; the statutes making cities and towns and counties liable for damages are not 'very similar.' The statute as to towns and cities making municipality liable for the mismanagement of anything under their control, while the statute as to counties makes them liable only for damages through a defect in a highway or the negligent repair of a highway or mismanagement in the negligent repair of a highway; and the said charge was equivalent to saying to the jury that if a town or city would have been liable under the same facts, then the county is liable in this case."

This exception is overruled.

His Honor was right when he said. in so far as affects this case, the statutes are similar. This is not a suit for mismanagement of "something under control of the county," but for a defect in the highway.

The judgment appealed from is affirmed.

MR. JUSTICE HYDRICK *concurs in the result.*