## 9373

### LANCASTER *ET AL.* v. CITY OF COLUMBIA.

(88 S. E. 463.)

1. CASE—INCORPORATING EVIDENCE—DUTY TO MAKE.—Where testimony is printed, not by recital, but in full by question and answer, and much of it is irrelevant to any issue made by the appeal, there is a clear violation of the rule of the Supreme Court.

2. MUNICIPAL CORPORATIONS—ACTION FOR INJURY ON SIDEWALK—EVIDENCE.—In an action for injuries caused by obstructed sidewalk, where there was no allegation or testimony of insufficient lighting, evidence that the locus was in shadow was admissible to explain why the plaintiff did not see it.

3. MUNICIPAL CORPORATIONS — ACTION FOR SIDEWALK INJURIES — DEFENSES—VIOLATION OF ORDINANCE.—It is no defense to an action for injuries caused by an obstructed sidewalk that plaintiff was not observing the ordinance to keep to the right, this being intended merely to prevent collisions.

4. PLEADING—SURPLUSAGE—PROOF.—The allegation, in a complaint for injury caused by a root obstructing the street, that the root had a hole underneath in which plaintiff caught her foot, is an immaterial allegation of mere evidence, and recovery is not dependent upon proof of the hole.

5. MUNICIPAL CORPORATIONS — INJURY BY DEFECTIVE SIDEWALK — INSTRUCTIONS.—In such case, the modification of defendant's request as to due care by plaintiff that the jury "must take into consideration all the circumstances surrounding the occasion" was proper.

---

FOOTNOTE.—As to liability of municipality for injuries from unevenness in sidewalk or crosswalk, see notes in 20 L. R. A. 516, 640, 764, 29 L. R. A. (N. S.) 180, 43 L. R. A. (N. S.) 1158, 1160, 1163, 20 A. & E. Ann. Cas. 798, and L. R. A. 1916a, 486.

6. MUNICIPAL CORPORATIONS—INJURY BY DEFECTIVE SIDEWALK—QUESTION BY JURY.—Evidence that plaintiff was injured by falling over a root projecting over a sidewalk *held* to warrant submission to jury of the negligence of the parties.

Before WILSON, J., Columbia, February, 1915. Affirmed.

Action by E. M. Lancaster and another against the City of Columbia. From a judgment for plaintiffs, defendant appeals.

*Mr. C. S. Monteith,* for appellant, cites: *As to variance between allegations and proof:* 72 S. C. 557; 82 S. C. 345. *Defects in sidewalk:* 84 S. C. 122; 89 S. C. 511; 88 S. C. 553; 6 McQuillan, Munc. Corp., sec. 2785; 129 N. Y. Supp. 1028; Elliott, Roads and Streets, sec. 791; 110 Wis. 478; 88 S. C. 533. *Plaintiff's conduct bars recovery:* 90 S. C. 282; 91 S. C. 542.

*Mr. W. Boyd Evans,* for respondent, submits: *Admission of irrelevant testimony not reversible error:* 76 S. C. 275; 82 S. C. 199; 72 S. C. 350; 98 S. C. 348; 91 S. C. 507; 87 S. C. 18; 70 S. C. 8; 70 S. C. 795; 85 S. C. 207. *Competent in reply:* 78 S. C. 539. Cites as to nonsuit: 87 S. C. 264; 70 S. C. 83; 70 S. C. 242; 84 S. C. 122; 98 S. C. 279; 98 S. C. 42; 98 S. C. 125. *Contributory negligence issue for jury:* 70 S. C. 242; 85 S. C. 301; 85 S. C. 334. *Direction of verdict:* 87 S. C. 174; 99 S. C. 187; 96 S. C. 153; 95 S. C. 135. *Request to charge:* 84 S. C. 416. *Ordinance:* 96 S. C. 5. *Liability:* 94 S. C. 375.

April 6, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action for tort; verdict for the plaintiff for $1,000; appeal by the defendant.

History: A lady 32 years old was walking along the pavement on Bryan street at night. She is alleged to have caught her foot underneath the root of a tree, to have fallen and broken her right arm.

The testimony is not printed by recital, but in full by question and answer. There is much of it irrevelant to any issue made by the appeal. There has thus been a clear violation of the rules of the Court.

There are eighteen exceptions, where at most six would have embraced every issue made, for the appellant's attorney had commendably grouped them under six heads.

The exceptions will not be considered in order, or by number. The first is that incompetent and irrelevant testimony was admitted. It is not suggested what particular testimony was thus admitted, and the exception is in this respect faulty, but the argument indicates it was in allowing two witnesses to testify that the *locus* was dark.

The complaint alleges that the accident occurred at 8:45 o'clock p. m. There was no allegation and no testimony that the street was insufficiently lighted; all the testimony on the subject was that a tree, betwixt the light on the other side of the street and the *locus,* caused a shadow on the *locus.* It was not and could not be claimed that the presence of trees and lights, and therefore, shadows, on a street, was a negligent act. The object of the testimony was to explain why the plaintiff did not see the *locus.*

Two exceptions charge that the Court erred in declining to direct a verdict for the defendant on the ground that the plaintiff was violating an ordinance when she fell. Like the other exceptions, this one does not indicate what particular ordinance was being violated. And we again gather from the argument that an ordinance of the city requires a pedestrian to go to the right, and that when the plaintiff fell she was going to the left. The ordinance was manifestly made to prevent collisions betwixt

persons moving on the same pavement in opposite directions. There was no collision in the instant case.

One exception, the fifteenth, charges that the Court erred in refusing the third request of the defendant. That request was as follows:

"I charge you that unless you believe by the preponderance of the testimony that there was a space or hole under the root, and that this space or hole was due to the neglect or mismanagement of the city, you cannot find a verdict in favor of the plaintiff."

The cause of action was bodily injury resulting from a defect in the street. It is true the complaint alleged that there was a vacant space underneath the root, and that the plaintiff caught her toe in that space; and the plaintiff at one place so testified. But the defect was a protruding root, three inches above ground. It was immaterial and only evidentiary that the root had a space underneath it, and that the plaintiff fell by getting her toe underneath the root, instead of striking her toe against it. The lack of a space underneath it would not have made the root ideal. The plaintiff testified: "I stumped my foot, or hooked my foot under the root." If the plaintiff stumped her foot against the root and fell, and the root was the real defect in the street, then it was not of the essence of the case that she fell by thrusting her foot underneath the root. The plaintiff's whole case was not dependent upon whether "there was a space or hole underneath the root," and the third request was made on that hypothesis.

One exception charges error in a modification of the defendant's eighth request. The request and modification were as follows:

"Eighth. If you believe from the evidence that there was an adequate and safe way on the sidewalk, notwithstanding the alleged defects, it was the duty of the plaintiff to use due care to avoid defects, and if she has failed to satisfy you by a preponderance of the testi-

mony that she did use due care, your verdict should be for the defendant."

The modification was that the jury "must take into consideration all the circumstances surrounding the occasion."

On its face the modification was harmless and proper.

All the other exceptions refer to a refusal to direct a verdict for the defendant, either because no negligence of the defendant was proven, or because negligence of the plaintiff was proven. As we have recently and repeatedly held, a verdict ought not to be directed except where the evidence is so much on one side as to forbid any reasonable verdict for the contrary side. That applies, of course, to negligence and contributory negligence. In the instant case on the issue of negligence, the witnesses for both sides testified to the presence of the root; with little variance, all said it was from two or three feet long—half across the pavement, and three inches above the level of the ground. Some of the plaintiff's witnesses swore that there was a cavity underneath the root into which the toe might thrust. The defendant's witnesses denied it. One witness for the plaintiff testified that he had "stumbled over that root," and the same witness testified:

"I stumbled over it twice. One time so. The second time fell to the ground and caught myself on my hand."

Another witness testified he had stumped his toe on the root, but never fallen.

Another witness testified this:

"Q. What is the condition where this root is? A. The way I can judge it, the root extends up, a little hook like this, kind of goes over a little bit, and in walking you catch your toe underneath there. I have caught my toe under it. Q. How many times? A. Once I stumbled over it."

Another witness for the plaintiff testified he saw the plaintiff fall, and that he raised her up and helped to carry her in the house.

Photographs of the *locus* were proven. That for the plaintiff was taken the month after the accident; that for the defendant was taken six or eight months after the accident. They did not show much.

The plaintiff was young, and supposedly active; she fell and suffered a serious and painful fracture of both bones of the right arm, so that at the time of the trial she was unable to hold her baby with the wounded arm. The member was in splints 16 or 18 weeks.

Of the six witnesses for the city, all but one were its officers or employees; only one neighbor to the *locus* was sworn, and he testified: "Yes, sir; I know that root sticking up there." He denied there was a cavity underneath the root, although the woman testified at one place:

"I hooked my foot underneath the root, fell to the ground, and broke both bones in my right arm."

The city forester testified that:

"Both ends (of the root) come out of the ground on both sides next to the fence and near the middle of the sidewalk."

The city engineer, who the testimony shows gets more pay than the Governor, testified the root was three feet long and three inches high, and he did not recall whether or not there was a washed place under it.

The Councilman DuPre testified, "I have seen several thousand places like it." That statement was not creditable to the management of the public ways.

All the testimony proves the obstruction. The only issue was of its size and character; did it render the way defective?

We think the Court was wise to leave that issue to a jury of the vicinage. The size and character of a protruding root on the sidewalk of a city cannot be fixed by a Court with rule and compass. There is no testimony to convict the plaintiff of negligence, except the bare circumstance that she had lived in the vicinity of the *locus* for more than a

year before the accident, and therefore ought to have known of the obstruction on the pavement.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE FRASER did not sit in this case.