## 9823

### POOSER v. TOWN OF SALLEY.

#### (93 S. E. 1006.)

MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—QUESTION FOR JURY.—
Where the evidence showed that plaintiff was injured at night by
stepping into a washout in the sidewalk, granting defendant's motion
for a nonsuit was improper, as what is a defect in a street is to be
construed in the light of all the circumstances making the negligence
of the parties a jury question.

Before MEMMINGER, J., Aiken, October, 1916. Reversed.

Action by Mary J. Pooser against the Town of Salley.
Judgment for nonsuit, and plaintiff appeals.

*Messrs. Croft & Croft,* for appellant, cite: *As to care
due:* 37 L. R. A. (N. S.) 1159. *Issue for jury:* 102 S. C.
83; 96 S. C. 467; 95 S. C. 305; 97 S. C. 333; 98 S. C. 51
and 129; 101 S. C. 256; 100 S. C. 109; 106 S. C. 130.

*Messrs. J. B. Salley* and *Hendersons,* for respondent,
cite: *As to statutory liability:* Civil Code, 1912, sec. 3053;
58 S. C. 417; 73 S. C. 254; 87 S. C. 277; 94 S. C. 377.
*Necessity for notice of defect:* 2 Smith Munc. Corp. 1297,
1298, 1299, 1300, 1302, 1303, 1304, 1544 and 1545; 9 S. E.,
17; 4 A. & E. Ann. Cas. 1000; 69 S. C. 357 and 359; 83 S.
C. 551; 88 S. C. 553; 64 N. Y. 636; 51 App. Div. 450; 89
S. C. 31. *Care of streets:* 84 S. C. 124; 2 Smith Munc.
Corp. 124. *Nonsuit:* 106 S. C. 128, 129; 99 S. C. 421;
104 S. C. 30.

November 4, 1917.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

Mrs. Pooser lives in the town of Salley. On her way
from church one night, she was walking on a sidewalk
across which there was a drain and over the drain there was
a bridge. The dirt of the sidewalk was not even with the

bridge and there was at the bridge an excavation made by the washing of water. Into this depression Mrs. Pooser stepped and fell, and received injuries for which this suit is brought. At the close of plaintiff's testimony, the defendant moved for, and the trial Judge granted, a nonsuit. In granting the nonsuit the presiding Judge said:

"As to what is a defect in a street, that is to be construed in the light of all the circumstances in the case."

That is true, and that made it a question for the jury, and a new trial is ordered. The case of *Lancaster v. City of Columbia,* 104 S. C. 228, 88 S. E. 463, is so recent that no discussion is necessary. That case was a protruding root; this an excavation.

This case has not been prepared in accordance with the rule, and no costs for printing the case is allowed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and GAGE concur in the opinion of the Court.

MR. JUSTICE HYDRICK, *dissenting.* The defect proved was not of such a nature as to justify submission of the issue of negligence to the jury. It is described as a "washout" along the edge of the bridge from two or three inches deep in the middle of the sidewalk, and increasing in depth to about five inches at the ends of the bridge, and about as wide as the length of plaintiff's foot. Plaintiff's unfortunate and painful experience proves that it was possible for such a defect to cause accident and injury. But that is not the question. It is, rather, was it a defect of such dangerous nature that a person of ordinary prudence would reasonably have anticipated injury from it as probable to those using the sidewalk?

We would not have to go off the State House grounds to find as serious defects in the walkways; and I venture to say there is not a city or town in the State that has not many defects in its sidewalks more dangerous than the one here in question. When the legislature imposed upon municipal

20—108.

corporations liability in damages for negligence in the repair of streets, it did not intend that every little defect, so insignificant that no one would regard it as dangerous, or as likely to cause injury—such as may be found in every city or town in the State and in every public highway—should be made ground of liability for damages.

We went quite far enough in *Lancaster v. Columbia*, 104 S. C. 228, 88 S. E. 463, and, unless we decline to extend the doctrine of that case, we shall soon reach the point where the public fund that ought to go toward creating and keeping up public improvements will be dissipated in damage suits.