## 10445

### SMITH v. ANDERSON COUNTY.

(103 S. E. 509.)

1. APPEAL AND ERROR—EXCEPTION TO WITHDRAWAL, BUT FAILING TO DISCLOSE ISSUE WITHDRAWN, HELD INSUFFICIENT. — An exception, based on the withdrawal from the consideration of the jury of disputed questions of facts from which a verdict might have been found for defendant, will not be considered, where it fails to disclose what issue of fact was withdrawn.

2. TRIAL—INSTRUCTION AS TO DEFECTIVE BRIDGE HELD NOT ERRONEOUS AS DISREGARDING EVIDENCE.—In action against a county for damages to a mule, wagon, and harness because of a defective bridge, an instruction that the evidence was uncontradicted that the bridge was unsafe *held* not erroneous as disregarding the testimony of the county's witness.

3. TRIAL—INSTRUCTION IN ACTION FOR INJURIES TO PROPERTY FROM DEFECTIVE BRIDGE PROPERLY REFUSED AS OMITTING ELEMENT.—In an action against a county for damages to a mule, wagon, and harness because of a defective bridge, a request by defendant that, if plaintiff negligently failed to exercise ordinary care for his own safety and that of his property against a defect which he knew of, or could readily see was dangerous, and had opportunity to avoid it, he was not entitled to damages, *held* properly refused, as omitting the element that, to defeat plaintiff's right to recover for the injury, he must have negligently contributed thereto.

Before DeVore, J., Anderson, September term, 1919. Affirmed.

Action by Alex. E. Smith against Anderson County for damages. From a directed verdict for plaintiff, the defendant appeals.

Defendant's exceptions were as follows:

First. Because his Honor, the presiding Judge, erred in directing the jury to return a verdict for the plaintiff for whatever damages the plaintiff sustained, said error consisting in withdrawing from the jury consideration of disputed questions of facts from which the jury might have found a verdict for the defendant; the testimony being susceptible of more than one conclusion.

Second.. Because his Honor, the presiding Judge, erred in charging the jury in these words: "And so far as this particular case is concerned the testimony is uncontradicted that this bridge was unsafe; it was defective in·the particulars that the complaint alleges that it was defective, and there is no testimony to contradict it, said error consisting in disregarding the testimony of defendant witness, F. J. Rhody, who testified it was safe enough to drive mules across there, and they had been going across there. I always crossed it with a big seven passenger automobile. I didn't consider it dangerous at all traveling with a car nor with a wagon if I had reason to drive that way. I drove over the bridge a good many times, weeks and months after that, and it still seemed to be all right"—it being respectfully submitted that the condition of the bridge was solely a question of fact for the jury to decide, and the presiding Judge invaded the province of the jury in the charge on the facts.

Third. Because his Honor, the presiding Judge, erred in refusing to charge defendant's request: "The county is not bound so to maintain bridges as to make them absolutely safe, * * * its obligations being merely to exercise ordinary care in keeping the bridges under its control in a reasonably safe condition"—the said request being good law and applicable to the facts in the case.

Fourth. Because his Honor, the presiding Judge, erred in refusing to charge the following requests of defendant: "If the plaintiff here negligently failed to exercise ordinary care and precaution for his own safety and the safety of his property against a defect in the bridge which he knew, or could readily see, was dangerous, and had the opportunity to avoid it, he is not entitled to damages, but must bear the loss—the request being a sound proposition of law and applicable to the facts in this case.

*Messrs. J. S. Acker* and *Watkins & Prince,* for appellant. *Mr. Acker* cites: *Verdict should be directed where there is only one reasonable inference to be drawn from the testimony:* 99 S. C. 200.

*Messrs. Sullivan & Cooley,* for respondent, cite: *Verdict properly directed where all evidence points one way:* 69 S. C. 460; 66 S. C. 283; 68 S. C. 184; 71 S. C. 426.

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The plaintiff had a verdict for $297.20 for the loss of a mule and hurt to his wagon and harness, and the county has appealed from the judgment. The event was the passage of the plaintiff's team across a public bridge, when one of the mules stepped her hind foot into a hole in the floor of the bridge, fell, and broke her neck.

There are three exceptions, but none of them suggest error which ought to work a reversal of the judgment. Let the exceptions be reported. We consider them briefly in their order.

1. The exception does not suggest what issue of fact the Court is charged to have withdrawn from the jury. The appellant was bound to make that suggestion, and not leave us to make the discovery.

2. The exception is that the Court disregarded the testimony of the county's only witness, a man named Rhody. The witness did testify that, "It was safe enough to drive mules across there;" but, on the contrary, the witness also said, "I would consider (the hole) dangerous if a mule would step in it," and, further, "(There was) hardly a way to avoid it by driving two mules." The question put to the witness was whether the bridge was in a reasonably safe condition for travel, and it was in response to that question that he made the first answer above stated.

Whether the bridge was reasonably safe was a question for the jury to answer when the witnesses had stated the circumstances attendant upon the event.

3. The Court did charge the jury that the duty of the county was "to keep the bridges on the public highway in a reasonably safe condition." The exception was mistakenly made.

4. The fourth request was not a correct statement of the law. To defeat the plaintiff's right to recover for his injury he must have "negligently contributed thereto." The request leaves out of view that element of the suggested defense.

More than this, upon all the evidence the jury was bound to have found the verdict which was found.

The judgment is affirmed.