## 10986

### SLOAN v. GREENVILLE COUNTY

(113 S. E. 349)

1. BRIDGES—EVIDENCE HELD SUFFICIENT TO SHOW NEGLIGENCE ON PART OF COUNTY IN NOT REPAIRING DEFECTIVE BRIDGE.—In an action under Civ. Code 1912, § 1972, for the death of plaintiff's intestate, caused by defective bridge, evidence *held* susceptible of an inference that the loose timber across the bridge constituted a defect, which was

the result of the failure of defendant to exercise due care in the construction, repair, and inspection of the bridge.

2. BRIDGES—EVIDENCE HELD TO SHOW THAT INTESTATE'S DEATH WAS NOT PROXIMATELY CAUSED BY HIS CONTRIBUTORY NEGLIGENCE.—In an action under Civ. Code 1812, § 1972, for the death of plaintiff's intestate, caused by defective bridge, evidence *held* reasonably susceptible of the inference that the death of plaintiff's intestate was not proximately caused by his contributory negligence.

Before GARY, J., Greenville, 1922. Affirmed.

Action by W. J. Sloan, administrator of Carl Sloan, deceased, against Greenville County. Judgment for plaintiff and defendant appeals.

For former appeal in this case see 118 S. C., 137.

*Mr. E. M. Blythe,* for appellant, cites: *Recovery against County for tort regulated:* 1 Civ. Code 1912, Sec. 1972. *Must be strictly construed:* 36 Cyc., 1177. *No negligence shown:* 38 S. C., 262. *Plaintiff must show he was not guilty of contributory negligence:* 40 S. C., 342; 82 S. C., 565; 83 S. C., 506; 39 S. C., 27. *Choice of dangerous way negligence:* 86 S. C., 69; 29 Cyc., 50.

*Messrs. Martin & Henry,* for respondent, cite: *If there is testimony of any delict question is for the jury:* 111 S. C., 432; 98 S. C., 129; 86 S. C., 231; 117 S. C., 7; 71 S. C., 156; 51 S. C., 460; 52 S. C., 291; 76 S. C., 63; 97 S. C., 412. *Liability of municipality for defective bridges or streets:* 114 S. C., 150; 95 S. C., 195; 89 S. C., 521; 95 S. C., 189; 81 S. C., 480; 95 S. C., 190; 104 S. C., 232; 108 S. C., 288; 83 S. C., 552; 114 S. C., 257. *Contributory negligence:* 84 S. C., 206; 103 S. C., 5; 83 S. C., 552; 81 S. C., 480; 104 S. C., 230; 78 S. C., 129; 78 S. C., 130; 104 Mass., 73; 73 S. C., 257; 76 S. C., 204. *No safe course open:* 107 S. C., 131; 95 S. C., 189; 89 S. C., 520; 94 S. C., 377. *Inferences from testimony all for the jury:* 76 S. C., 63; 86 S. C., 304; 98 S. C., 129; 86 S. C., 231; 74 S. C., 90. *As is the weight of testi-*

*mony:* 42 S. C., 466; 75 S. C. 156; 97 S. C., 333; 103 S. C., 5.

August 17, 1922.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Action against Greenville County under Section 1972, Civil Code 1912, for damages on account of the death of plaintiff's intestate, alleged to have been caused by a defect in or the negligent repair of a highway bridge. From judgment on verdict for plaintiff in the sum of $1,000.00, defendant appeals upon exceptions which assign error in the refusal of Frank B. Gary, Circuit Judge, to grant defendant's motion for nonsuit and for a directed verdict.

Carl Sloan, plaintiff's intestate, 17 years of age, was returning from Spartanburg with two other boys seated with him on the front seat of a Ford touring car, when, in crossing Bennett's Bridge over Enoree River, the car encountered a piece of timber, 4x6 and about 12 to 16 feet long, lying loose on the floor of the bridge. The timber was a part of the bridge, a wheel guard, which had become detached and was lying diagonally across the floor near one end of the bridge. As a result of colliding with the loose timber the Ford was caused to move to and against the side of the bridge, and was precipitated down an embankment beyond the end of the bridge, turning over upon the occupants, and killing plaintiff's intestate.

The contentions made by defendant's exceptions are: (1) That there was no evidence of negligence; and (2) that plaintiff failed to negative contributory negligence as required by the statute.

As to the first contention, appellant's legal position is, substantially, that no duty was imposed upon the county authorities to provide against the kind of defect or want of repair shown in the case except when such

defect was known to the authorities by inspection or report, or has existed for such length of time as would give rise to an implication of notice. We do not think that position is sound. "Neglect or mismanagement"—the statutory terms, which import nothing more or less than is embodied in the legal term, negligence—cannot be confined to failure to act after knowledge, actual or implied, of specific defects. If the defect is one which results purely from accidental or adventitious causes, which could not reasonably be anticipated in the exercise of due care, then unquestionably the fact of notice, actual or implied, might become determinative upon the issue of negligence. But in the case at bar there was evidence tending to establish that the bridge was on an important and much-traveled highway; that the floor of the bridge had been constructed of green timber several years before the date of the accident; that the wheel guards nailed along the floor had become warped and twisted; that these pieces, which were nailed, instead of bolted, had worked loose more or less frequently, and had obstructed the way on various occasions before the accident; that the wheel guards were likely to be jarred loose by the vibration of the bridge; that these wheel guards had been "in bad shape"; that "no one looked after them"; that the bridge had not been inspected; that the highway approach to the bridge was narrow, and was on an embankment or fill, which was not protected by guard rails, etc. In any view, we think the evidence was susceptible of an inference that the obstruction in the way across the bridge constituted a defect which was the result of a failure to exercise due care in the construction, repair, and inspection of the bridge, and that the trial Judge could not properly have granted a nonsuit or directed a verdict upon the issue of negligence. See *Smith v. Anderson County,* 114 S. C. 257, 103 S. E. 509; *Herndon v. Colleton County,* 83 S. C. 552, 65 S. E. 820; *Duncan v. Greenville County,* 71 S. C. 170, 50 S. E.

*776; Sullivan v. City of Anderson,* 81 S. C. 480, 62 S. E. 862; *Caston v. Rock Hill,* 107 S. C. 130, 92 S. E. 191; *Latimer v. Anderson,* 95 S. C., 189; 78 S. E., 879.

As to the second contention, that plaintiff failed to negative contributory negligence, we are of the opinion that that issue was also properly submitted to the jury. The burden imposed by the statute (Section 1972, Civ. Code 1912) of affirmatively showing that the person sustaining injury, did not negligently contribute thereto can only be met by proof of facts and circumstances which tend to establish the exercise of due care. If there are facts and circumstances which reasonably tend to support an inference of due care on the part of the person injured, the issue becomes one of fact for the jury. The defendant argues that in this case the obstruction on the floor of the bridge was in plain view; that plaintiff's intestate certainly knew when his car struck the timber; that he knew that the fill was just before him; that he continued to apply the power of his machine to force the piece loose from its fastenings, which caused the car to be suddenly released and to pitch forward and downward; and that in so acting he did a heedless and dangerous thing, which clearly convicted him of contributory negligence. But defendant's theory is not the only one, nor perhaps even the most probable one, fairly deducible from the evidence. There was testimony tending to establish that the speed of the car was slow, from 4 to 6 miles an hour; that the time was about dusk, "getting dark"; that the lights on the car were burning; that the weather was rainy and the road "slick and muddy"; that neither of young Sloan's companions on the seat with him, one of whom was looking out in front, saw the timber; that is was easy to "strike the scantling and skid along it"; that one occupant of the car "didn't feel the car slipping" until it had started over the fill; that the distance the car moved on the bridge along

the angling timber and the hub board was only about 5 1-2 feet; and that the emergency brake of the car was found on after the fall down the fill. The evidence tended to show due care with respect to the speed of the car and in the use of the means at hand to light the way. The physical conditions—darkness; rain; the diagonal position of the obstruction on the floor among the shadows; the slippery state of the road—all tended to negative negligence in either failing to see the timber or in not more successfully avoiding the consequences of the emergency that followed the collision. The evidence was reasonably susceptible of the inference that the death of the plaintiff's intestate was not proximately caused by his own contributory negligence. See *Herndon v. Colleton County,* supra; *Sullivan v. City of Anderson,* supra; *Lancaster v. Columbia,* 104 S. C. 230, 88 S. E. 463; *Kennedy v. City of Greenville,* 78 S. C. 129, 58 S. E. 989; *Humphries v. Railway Co.,* 84 S. C. 206, 65 S. E. 1051; *Duncan v. Greenville County,* 73 S. C. 257, 53 S. E. 367.

The judgment of the Circuit Court is affirmed.