## 11163

NEELY, ADMR. v. CAROLINA & N. W. RY. CO.

(117 S. E., 35)

1. RAILROADS—EVIDENCE TRAIN ALMOST STRUCK ANOTHER AUTOMOBILE INADMISSIBLE.—In an action for death in a collision between an automobile and a train, evidence that the train came very near striking another automobile at a nearby crossing *held* inadmissible.

2. NEGLIGENCE—INSTRUCTION ON IMPUTED NEGLIGENCE HELD PROPER.— In an action for death of a passenger in an automobile struck by a

train, a charge *held* not to impute negligence of the driver to the passenger in stating that the railroad was not responsible for the injury if it was due to their own carelessness, where the Court charged the jury clearly that the negligence of the driver is not imputed, the passenger assuming no control of the driver's conduct.

3. Trial—Trial Judge's Attention Should be Called to Misstated Issues.—Where the trial Court misstates the issues, his attention should be called to it.

4. Negligence—Under Statute Automobile Driver's Unlawful Act Imputed to Guest Injured at Railroad Crossing.—Gross or willful negligence, or an unlawful act of driver of an automobile, may be imputed to an occupant injured at a crossing, under Civ. Code 1912, § 3230, exempting a railroad from liability in such a case, if the person injured, or the person having charge of his person or property, was guilty of gross or willful negligence, or was acting in violation of law, and such negligence or unlawful act contributed to the injury, and this rule will be applied where driver's unlawful act was going on the highway with an automobile having defective brakes, though occupant did not know of the defective brakes.

Before Bowman, J., York, April, 1922.   Affirmed.

Action by John A. Neely, as Administrator of Eleanor J. Neely, deceased, against Carolina & Northwestern Railway Company.   Judgment for defendant and plaintiff appeals.

*Messrs. Thos. F. McDow, Wilson & Neely* and *W. B. Wilson,* for appellant, cite: *Evidence showing acts of wantonness and willfulness in operation of train at another place is admissible:* 81 S. E., 306; 58 S. C., 74; 36 S. E., 440; 53 L. R. A., 913; 52 S. C., 323; 99 S. C., 284.  *Negligence of driver not · imputable to passenger:* 95 S. C., 187; 113 S. C., 45.   Sec. 3230, 1 Civ. Code 1912, *applies only to negligence of railroad in not giving signals:* 69 S. E., 513; 25 S. C., 61; 10 Rich., 227; 47 S. C., 28; 61 S. C., 409.   *Failure to look and listen is not contributory negligence:* 76 S. C., 378; 72 S. C., 389.

Note: On liability for injuries to guest in automobile, see notes in 50 L. R. A. (N. S.), 1100; L. R. A., 1916E, 1193; L. R. A., 1918C, 276; 18 A L. R., 309, and 22 A. L. R., 1294.

As to defective brakes as affecting liability for injury, see note in 14 A. L. R., 1339.

*Messrs. M. L. Marion, John R. Hart* and *John A. Marion,* for respondent, cite: *Testimony in reply is in discretion of Court:* 66 S. C., 542; 76 S. C., 529; 78 S. C., 120. *Charge must be considered as a whole:* 75 S. C., 307; 97 S. C., 162; 98 S. C., 262. *Failure to look and listen at crossing is gross negligence:* 86 S. C., 393; 94 S. C., 144. *Proper to charge on all issues raised:* 107 S. C., 216. *If no testimony, error was harmless:* 85 S. C., 221. *Court must be satisfied that jury was misled:* 90 S. C., 414; 64 S. C., 104; 89 S. C., 567; 71 S. C., 446; 73 S. C., 557; 72 S. C., 361. *Charge on facts:* 63 S. C., 219; 98 S. C., 338; 86 S. C., 229; 80 S. C., 531. *Duty of traveler at crossing:* 89 S. E., 888; 18 A. L. R., 309; 88 S. E., 179. *Occupants of vehicle operated in violation of law cannot recover:* 27 L. R. A. (N. S.), 1156; 14 L. R. A. (N. S.), 816; 23 L. R. A. (N. S.), 561. *Verdict correct and should not be disturbed:* 109 S. C., 244; 106 S. C., 433; 105 S. C., 480.

March 19, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Miss Eleanor J. Neely was on her way to school, when she was overtaken by Miss Williams. Miss Williams was driving an automobile and took Miss Neely into her car to carry her to school. Miss Williams took up some children also. Just before crossing the railroad track, one of the children called attention to an approaching train of cars on the railroad. The brakes on the automobile were not in good order and did not stop the automobile. Miss Williams, who was driving the automobile, undertook to turn the car from the track; but she was too close to the railroad track, and the engine struck the automobile and dragged it for quite a distance. Miss Neely was so badly injured that she died from injuries received in the collision.

452  NEELY, ADMR., *v.* CAROLINA & N. W. RY. CO.

This action was brought for death by the wrongful act. The negligence alleged was as follows:

"That the injury and death of the said Eleanor J. Neely was caused by the joint, separate and concurrent negligence, carelessness and wanton and willful negligence of the defendants, their agents, officers and servants.

"(a) In operating the engine and train of cars attached thereto as the said engine and cars approached the crossing of the Carolina & Northwestern Railway Company at East Liberty Street at a high and dangerous rate of speed, without proper warning and due and reasonable care and caution to prevent injuries to those whose business required them to cross the railroad track at this point, and particularly plaintiff's intestate, and by failing to ring the bell or sound the whistle of the said engine 500 yards from the said crossing on East Liberty Street, near the station of the Carolina & Northwestern Railway Company, and without keeping the said bell ringing or whistle sounding until the said engine and cars had crossed the said public highway at the said public crossing, as they were and are required to do by the laws of the State of South Carolina, as set forth in Section 3222, Vol. 1, of the Code of Laws of South Carolina 1912.

"(b) In failing to give any signal or warning of any kind whatsoever to plaintiff's intestate of the approach of the said engine and train of cars to the crossing on East Liberty street, near the station of the defendant Carolina & Northwestern Railway Company and in failing and neglecting to keep a proper lookout while approaching the said crossing, notwithstanding the defendants, their agents, officers and servants, well knew that the said crossing was constantly used by a large number of people in the Town and County of York, and that at the particular time at which this injury occurred from 300 to 400 children and plaintiff's intestate and other teachers were accustomed to

cross the said crossing at East Liberty Street near the station of the Carolina & Northwestern Railway Company in going to the Yorkville Graded School.

"(c) In failing to have the said engine, and train of cars attached thereto, of the defendants come to a stop before crossing the said crossing at East Liberty Street, and in failing and neglecting to have a flagman precede the said engine and cars, and to keep a proper lookout for people either on foot, or in vehicles, or in motor vehicles, who were crossing or intending to cross at the said crossing on East Liberty Street, notwithstanding the defendants, their officers, agents and servants, knew that the plaintiff's intestate and a great many children of tender years were accustomed to cross at this particular crossing every morning at the time that the defendant's engine and train of cars attached thereto arrived at York.

"(d) In failing and neglecting to keep the engine under such control and run it at such a rate of speed in approaching and going over said crossing at East Liberty Street as to be able to stop its cars almost immediately in case of necessity, and in failing and neglecting to approach the said crossing with the engine under perfect control, and in so negligently, recklessly, willfully and wantonly running its engine that it dragged plaintiff's intestate and the automobile in which she was riding a distance of about 187 feet, notwithstanding the said engineer and fireman saw, or could have seen, the said engine when it struck the said automobile in which plaintiff's intestate was riding, and negligently, carelessly, recklessly and wantonly dragged the said automobile in which plaintiff's intestate was riding from the point where she was struck at the crossing to above the door of its passenger station, a distance of about 187 feet.

"(e) In neglecting to provide proper and safe brakes on the engine and cars of the defendants, and in allowing the air in the engine tank to become exhausted to such an ex-

tent that the air brakes on the reservoir on the said train either could not or did not reduce the speed of the said engine and train so that it could be stopped upon coming into collision with the said automobile in which plaintiff's intestate was riding.

"(f) In failing to provide at said crossing gates or other safety devices and means to safeguard, warn and protect travelers on the said public highway, at and near the said railway crossing, in view of the danger incident to the large number of people who were accustomed to cross there at the time of the arrival of the defendant's train.

"(g) In failing to provide a flagman at said crossing, or having the said trains passing over the crossing flagged, in view of the amount of travel over the said highway, and in failing to have both the engineer and fireman keep a strict lookout for passengers approaching the crossing, or attempting to cross the same, at East Liberty Street, and in failing and neglecting to stop the engine and train when the defendants saw, or could have seen, that their said engine had struck the automobile in which plaintiff's intestate was riding, and in dragging it from the crossing to above the door of its passenger station, a distance of about 187 feet."

The judgment was for the defendant and the plaintiff appealed.

I. The first assignment of error is that the presiding Judge refused to allow the plaintiff to prove that this train of cars came very near striking another automobile at another nearby crossing.

The appellant cites, among others, the case of *Mason v. Railway*, 58 S. C., 74; 36 S. E., 440; 53 L. R. A., 913; 79 Am. St. Rep., 826, to sustain this exception. In those cases the plaintiffs were allowed to prove things that were negligent in themselves, such as the failure to ring the bell or blow the whistle on approaching a crossing. Here, however, the train may not only have come near to striking,

but may have actually struck, another automobile, and still not have been guiltless of negligence. That necessitated the trial of the other case, and that is contrary to rule. This exception cannot be sustained.

II. The second assignment of error in appellant's argument is that his Honor charged as follows:

" 'I charge you, as a matter of law, that if it was due to their own carelessness in running the automobile, then the railroad would not be responsible,' the error being that this language in the charge of his Honor made contributory negligence of the driver imputable to the passenger and an invited guest in the automobile, whether or not said driver's negligence was the proximate cause of the injury."

That is a misinterpretation of the charge. His Honor charged the jury very clearly:

"The negligence of the driver will not be imputed to a person merely riding in a vehicle at the invitation of the owner and riding gratuitously, unless such passenger assumes control or direction of the conduct of the driver."

It makes no difference whether the injury was due to the negligence of the deceased, or the driver, or some other person. If it was not due to the negligence of the defendant, then the defendant is not liable. That is not imputed negligence. It is the negligence of some one else, for whose conduct the defendant is not responsible.

III. The next assignment of error argued is in refusing to charge:

"Sixth Exception. 'If you should find, as a matter of fact from the testimony that the plaintiff's intestate, Miss Ella Neely, was injured by a collision with defendant's train on street crossing, and that she failed to exercise slight care for her own safety, such as to look and listen for the approach of the train, and that such failure contributed to her injury as a proximate cause thereof, then I charge you, as a matter of law, that such failure to exercise slight care

30—S. C.—123

was gross negligence, and that she cannot recover.' It is respectfully submitted that it is a question for the jury whether such failure to look and listen is or is not gross negligence or even negligence."

The record shows that the presiding Judge read only those requests to charge or parts of requests to charge that he allowed. The proposition contended for by appellant was read to the jury as plaintiff's fourteenth request to charge. The record shows that his Honor did charge as requested. This cannot be sustained.

IV. The next assignment of error is that his Honor charged the law as to common enterprise, while there was no evidence as to a common enterprise. The answer alleged a common enterprise. If his Honor misstated the issues, his attention should have been called to it. This assignment of error cannot be sustained.

V. The next assignment of error is:

"Eighth Exception. The Court used the following language: 'If you should find as a matter of fact that the driver of the automobile in question at the time of the collision had charge of the persons of the occupants of such automobile and that said driver was guilty of gross negligence, that is failure to exercise slight care to avoid collision, or was at the time of the collision acting in violation of the law, then I charge you that such gross negligence or unlawful act, if either of them contributed to the injury, bars a recovery on the part of any occupant of said car for any injury sustained in such collision. In this connection I charge you that the law requires every motor vehicle while in use on a public highway shall be provided with good and sufficient brakes; if the automobile here in question was not so equipped the driver of same was acting in violation of the law.' We have the common law rule, or we might call it the general rule, which is clearly set forth in *Langley v. Railroad,* 113 S. C., 45; 101 S. E., 286,

and in *Latimer v. Anderson County,* 95 S. C., 187; 78 S.
E., 879, that the negligence of a driver of an automobile is
not imputable to a passenger or invited guest or an occupant
of the car unless the relation of master and servant exists
between the passenger and driver, or unless they were en-
gaged in a common enterprise.  The testimony in this case
can mean but one thing, and that was that plaintiff's intes-
tate was the invited guest of the driver of the automobile,
and with one exception, to be set forth below, plaintiff's
intestate could not be held responsible or have imputed to
her any act of negligence of the driver of the car."

Section 3230, Code of Laws of South Carolina, Vol. 1,
reads :                                   .

*"Injuries at Crossings—Penalty and Damages.*—If a per-
son is injured in his person or property by collision with the
engines or cars of a railroad corporation at a crossing, and
it appears that the corporation neglected to give the signals
required by this chapter, and that such neglect contributed
to the injury, the corporation shall be liable for all damages
caused by the collision, or to a fine recoverable by indict-
ment, as provided in the preceding section, unless it is shown
that, in addition to a mere want of ordinary care, the per-
son injured, or the person having charge of his person or
property, was, at the time of the collision, guilty of gross
or willful negligence, or was acting in violation of the law;
and that such gross or willful negligence or unlawful act
contributed to the injury."

It should be noted that while his Honor charged the
general rule that the negligence of the driver is not imputed
to the passenger unless the passenger has the right to control
the management of the machine, yet the statute made an
exception in crossing cases.  There is no error here.

VI. The last exception to be noted is that there was er-
ror in this charge :

"Now, gentlemen, I will also charge you, it is against the law in this State to go in a motor vehicle with insufficient brakes."

The error alleged is that there was no evidence that Miss Neely knew of the defects in the brakes and could not be held responsible for a violation of the law.

We have just seen that the statute gave immunity in crossing cases, where "the person having charge of his person or property was at the time of the collision guilty of gross or willful negligence, or was acting in violation of the law."

The judgment appealed from is affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur.

MR. JUSTICE MARION disqualified.

### ON PETITION FOR REHEARING

*Per Curiam.* This Court did overlook the question as to the order settling the appeal, and as to that matter the petition is granted and the exception to the order settling the appeal is sustained. As to the other matters, the petition is dismissed, and the order staying the remittitur is revoked.